## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QVC, Inc. | : | Civil Action No. 07-463 (JJF) |
| and | : | |
| | : | |
| ER Marks, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Joshua Barker, | : | |
| Jason Jersey, and | : | |
| Jersey-Barker Enterprises | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

QVC, Inc. and E.R. Marks, Inc. ("Plaintiffs") hereby move the Court to enter a default judgment against Defendants Joshua Barker, Jason Jersey, and Jersey-Barker Enterprises (collectively "Defendants") on the following grounds and on the basis of the facts set forth in the attached Affidavit:

1.      On July 25, 2007, Plaintiffs filed suit against Defendants. (D.I. 1). Plaintiffs are the owners/authorized users of many QVC or QVC formative federal trademark registrations including Registration Nos. 1,455,889 and 2,098,066 for the mark QVC and Registration No. 1,808,142 for the mark QUALITY VALUE CONVENIENCE. Additionally, Plaintiffs are the owners/authorized users of numerous other marks in the United States, as well as over 40 other countries. A sampling of these marks is listed at Exhibit A. Defendants' use of QVC's trademarks, QVC and QUALITY VALUE CONVENIENCE, on and in connection with the

domain names www.planetqvc.com, www.planetqvc.info, and www.planetqvc.net and the web sites associated therewith, constitute, *inter alia*, trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and cybersquatting under the Anticybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d). Defendants' unauthorized use of these marks is evidenced in Exhibits E and F to Plaintiffs' Complaint. (D.I. 1).

2.      Defendants were served with a summons and a copy of the complaint in this matter on August 9, 2007, via Registered Mail in accordance with 10 Del. C. § 3104. Service was accomplished in full compliance with Rule 4 of the Federal Rules of Civil Procedure. (*See* attached copies of the Requests for Delivery Information/Return Receipts After Mailing at Exhibit B).

3.      Defendants have failed to file an answer, or otherwise file a responsive pleading, in response to the complaint. (*See* attached Declaration of Attorney James D. Heisman at Exhibit C).

4.      Defendants are not infants, incompetent persons, or in the military. (*See Id.*)

5.      The Clerk of this Court entered a default against Defendants in this matter on November 19, 2007. (D.I. 11).

6.      Judgment by Default is appropriate when the party against whom the judgment is sought has "failed to plead or otherwise defend" against the complaint as provided by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(a). Upon default, all of the facts alleged in a Complaint are deemed admitted. *Phillips v. Parker,* 2004 WL 1192640 *1 (D.Del.) (copy attached at Exhibit D; citing *Bonilla v. Trebol Motors Corp.,* 150 F.3d 77, 80 (1st Cir. 1998)). The decision whether to enter a default judgment is within the sound discretion of the trial court.

*See Davis v. Correctional Medical Systems,* 480 F.Supp.2d 754, 757 (D.Del. 2007).  The ACPA makes it "illegal for a person to register or to use with the 'bad faith' intent to profit from an Internet domain name" that is identical or confusingly similar to another party's trademark. *Shields v. Zuccarini,* 254 F.3d 476, 481 (3rd Cir. 2001); 15 U.S.C. § 1125(d).  In such cases, injunctive relief is available to the plaintiff.  *See Shields,* 254 F.3d at 486; *see also Johnson v. Connolly,* 2007 U.S. Dist. LEXIS 31721 (N.D.Cal. 2007) (copy attached at Exhibit E; granting injunctive relief in a default setting).  In the instant case, Defendants have registered and/or used domain names containing Plaintiffs' distinctive trademark QVC and causing QVC injury.

In view of Defendants' failure to file a responsive pleading in this matter, Plaintiffs request the Court to consider this Motion, along with the accompanying Declaration, and enter a Default Judgment and Injunction in the form of the Proposed Order submitted herewith.  In the alternative, Plaintiffs request a hearing in order to present full argument on the matter.

Respectfully Submitted,

Stanley C. Macel, III (# 492)
James D. Heisman (# 2746)
Geoffrey A. Zelley (# 4939)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
smacel@cblh.com
jheisman@cblh.com
gzelley@cblh.com

OF COUNSEL:

Jennifer Fraser, Esq.
Connolly Bove Lodge & Hutz LLP
1875 Eye Street, NWSuite 1100
Washington, DC  20006
(202) 331-7111
jfraser@cblh.com

*Attorneys for Plaintiffs QVC, Inc. and ER Marks, Inc.*

Dated:  February 5, 2008

3

# EXHIBIT
# A

| Registration or Application Date | Trademark or Service mark | U.S. Reg. No. or Ser. App. No. | Goods/Services |
|---|---|---|---|
| 11/12/96 | QVC | 2,015,779 | Retail store services in the field of general merchandise, CL 42 |
| 1/2/96 | QVC | 1,945,357 | Catalog and mail order services in the field of general merchandise, CL 42 |
| 10/31/95 | QVC | 1,930,782 | Providing at home shopping services by means of television, CL 42 |
| 8/28/01 | QVC Experience | 2,482,374 | Providing home shopping services in the field of general merchandise by means of television; electronic retailing services via a global computer network featuring general merchandise, CL 35 |
| 4/14/98 | QVC Explorer | 2,150,903 | Home shopping services in the field of general merchandise through the use of television, CL 35 |
| 6/3/97 | QVC Factory & Tour Design | 2,067,111 | Home shopping services in the field of general merchandise by means of television, CL 42 |
| 11/28/95 | QVC Local | 1,937,850 | Home shopping services through the use of television, CL 42 |
| 11/8/88 | QVC Network & Design | 1,512,144 | Providing at-home shopping services in the field of general merchandise by means of television, CL 42 |
| 4/18/00 | QVC On Location | 2,343,087 | Providing home shopping services in the field of general merchandise by means of television; computerized on-line retail services in the field of general merchandise, CL 35 |
| 10/16/01 | QVC ProductWorks | 2,497,999 | Business consulting services, namely design of marketing strategies for others involved in electronic retailing, product sourcing, manufacturing, videotape and animation production, CL 35 |

| Registration or Application Date | Trademark or Service mark | U.S. Reg. No. or Ser. App. No. | Goods/Services |
|---|---|---|---|
| 8/3/99 | The QVC Outlet Yard Sale | 2,266,295 | Retail store services in the field of general merchandise, CL 42 |
| 12/29/98 | The QVC Vendor Alliance | 2,214,119 | Periodic newsletter to suppliers who provide goods and services to providers of home television shopping services in the field of retail and wholesale merchandise, CL 16 |
| 9/16/97 | iQVC | 2,098,015 | Interactive retail services provided via computer and television, featuring general merchandise, CL 42 |
| 8/24/99 | IQVC.com | 2,272,585 | Interactive retail services provided via computer and television, featuring general merchandise, CL 35 |
| 11/20/01 | QVC @ THE MALL | 2,509,650 | On-line retail store services in the field of general merchandise, CL 35 |
| 11/27/01 | QVC@THE MALL | 2,512,386 | Retail store services in the field of general merchandise at shopping malls, CL 42 |
| 5/18/04 | QVC @ THE MALL WELCOME & Design | 2,842,704 | Online ordering services and retail store services in the field of general merchandise, CL 35 |
| 10/4/05 | QVC AMERICA'S HOST SEARCH & Design | 3,004,828 | Home shopping services in the field of general merchandise by means of television, telephone and the internet, CL 35 |
| 11/8/05 | QVC ACTIVE | 3,012,812 | Home shopping services in the field of general merchandise by means of interactive cable and satellite television, CL 35 |
| 11/8/05 | QVC ACTIVE & Design | 3,012,814 | Home shopping services in the field of general merchandise by means of interactive cable and satellite television, CL 35 |

| Registration or Application Date | Trademark or Service mark | U.S. Reg. No. or Ser. App. No. | Goods/Services |
|---|---|---|---|
| 07/15/03 | QVC.COM | 2,738,611 | Interactive retail services provided via computer, television and the internet, featuring general merchandise, CL 35 |
| 11/25/03 | QVC (Stylized) | 2,785,413 | Credit card services, CL 36 |

PROVIDING SOLUTIONS          Cowan, Liebowitz & Latman, P.C.

# COWAN CONNECT® Trademark List

## QVC CHINA SHANGHAI REPRESENTATIVE OFFICE - Sorted By Trademark

| MARK | COUNTRY | APPLN. NO. APPLN. DATE | REG. NO. REG. DAT |
|------|---------|------------------------|-------------------|
| QVC | Algeria | 961585 10/8/1996 | 051665 10/8/1996 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION,

| QVC | Argentina | 2140300 3/25/1998 | 1740518 6/17/1999 |
|-----|-----------|-------------------|-------------------|

35: ALL SERVICES IN CLASS

| QVC | Australia | 738931 7/10/1997 | 738931 7/10/1997 |
|-----|-----------|-------------------|-------------------|

35: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION,

| QVC | Bahrain | 2119/96 12/23/1996 | SM2174 12/23/1996 |
|-----|---------|--------------------|-------------------|

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION,

| QVC | Brazil | 820426598 12/11/1997 | 820426598 11/8/2005 |
|-----|--------|----------------------|---------------------|

35: PUBLICITY AND PROPAGANDA, ESPECIALLY THE GOODS RETAIL PROMOTION THROUGH TELEVISION, WAY OF COMMUNICATION.

| QVC | Brazil | 820241881 9/9/1997 | 820241881 6/6/2000 |
|-----|--------|---------------------|--------------------|

35: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION,

| QVC | Brazil | 820277606 10/15/1997 | 820277606 3/7/2005 |
|-----|--------|----------------------|--------------------|

35: SHOPPING SERVICES OF GENERAL MERCHANDISE THROUGH CATALOGUES AND MAIL, AS WELL AS RE

| QVC | Brazil | 820193690 9/10/1997 | 820193690 12/9/2003 |
|-----|--------|----------------------|---------------------|

35: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION,

| QVC | Canada | 817491 | 481467 |
|-----|--------|--------|--------|

7/11/1996                 7/11/1996

RETAIL SALES OF ALL TYPES OF PRODUCTS BY TELESHOPPING

| | | | |
|---|---|---|---|
| QVC | Canada | | 441113<br>3/24/1995 |

PROVIDING AT HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF CAB[

| | | | |
|---|---|---|---|
| QVC | Chile | 414341<br>5/12/1998 | 525044<br>10/22/1998 |

35: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, ◦

| | | | |
|---|---|---|---|
| QVC | China (People's Republic<br>Of) | 9700125627<br>11/25/1997 | 1264980<br>4/14/1999 |

35: BUSINESS MANAGEMENT SERVICES, BUSINESS INQUIRIES, ADVERTISING SALES PROMOTION (FOR OTI

| | | | |
|---|---|---|---|
| QVC | China (People's Republic<br>Of) | 2001155947<br>8/24/2001 | 1983433<br>3/21/2003 |

41: ENTERTAINMENT SERVICES RELATING TO HOME SHOPPING OR TO PRODUCTS AND SERVICES OFFEREI
TO HOME SHOPPING OR TO PRODUCTS AND SERVICES OFFERED FOR SALE OR SUPPLY, EDUCATION INFOF
SERVICES OFFERED FOR SALE OR SUPPLY

| | | | |
|---|---|---|---|
| QVC | China (People's Republic<br>Of) | 2001155946<br>8/24/2001 | 1962734<br>2/28/2003 |

38: BROADCASTING SERVICES RELATING TO HOME SHOPPING; CABLE TELEVISION BROADCASTING SERV.
SERVICES RELATING TO HOME SHOPPING; TELEVISION BROADCASTING SERVICES RELATING TO HOME SI

| | | | |
|---|---|---|---|
| QVC | Egypt | 102942<br>9/22/1996 | 102942<br>9/22/1996 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, ◦

| | | | |
|---|---|---|---|
| QVC | European Union | 1663038<br>5/17/2000 | 1663038<br>5/17/2000 |

1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 39, 40: Cl

| | | | |
|---|---|---|---|
| QVC | European Union | 176917<br>4/1/1996 | 176917<br>6/25/1999 |

35: BUSINESS MANAGEMENT SERVICES, INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT A
COMPUTERS, AND/OR NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; ADVERTISING AND SALES P
CATALOGUES, MAIL, COMPUTERS, AND/OR NETWORKS; 38: BROADCASTING SERVICES RELATING TO HOM
SERVICES RELATING TO HOME SHOPPING; 41: ENTERTAINMENT SERVICES RELATING TO HOME SHOPPING
EDUCATION AND INFORMATION SERVICES, ALL RELATING TO HOME SHOPPING OR TO THE PRODUCTS AI
COMPUTER NETWORK IN THE FIELD OF GENERAL MERCHANDISING

| | | | |
|---|---|---|---|
| QVC | European Union | 1625839<br>4/25/2000 | 1625839<br>4/25/2000 |

35: ADVERTISING; BUSINESS MANAGEMENT; BUSINESS ADMINISTRATION; OFFICE FUNCTIONS; INCLUDIN

.OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, COMPUTERS, CABLE AND/OR NETWORKS; THE B.
TO ENABLE CONSUMERS TO VIEW AND BUY THE PRODUCTS

| QVC | Germany | 395069688 2/15/1995 | 39506968 1/19/1998 |

35: ADVERTISING, IN PARTICULAR RADIO AND TV ADVERTISING, IN PARTICULAR IN CONNECTION WITH S
PROGRAMS; 38: BROADCASTING SERVICES, INCLUDING SERVICES IN CONNECTION WITH CABLE SATELLI
INFORMATION SERVICES; SERVICES IN CONNECTION WITH TV ENTERTAINMENT

| QVC | Hungary | M96 03957 11/28/1996 | 145806 11/28/1996 |

35: ADVERTISING, BUSINESS MANAGEMENT SERVICES, INCLUDING ASSISTANCE AND ADVICE IN THE EST.
MAIL, COMPUTERS, AND/OR NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; ADVERTISING AND S,
CATALOGUES, MAIL, COMPUTERS, CABLE AND/OR NETWORKS; 42: PROVIDING OF FOOD AND DRINK; TEM
VETERINARY AND AGRICULTURAL SERVICES; LEGAL SERVICES; SCIENTIFIC AND INDUSTRIAL RESEARCH
HOME SHOPPING; EDUCATION AND INFORMATION SERVICES, ALL RELATING TO HOME SHOPPING OR TO '

| QVC | Indonesia | D981310 1/22/1998 | 435409 12/15/1999 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, '

| QVC | Israel | 107480 9/17/1996 | 107480 12/4/1997 |

42: AT HOME SHOPPING, CATALOG AND MAIL ORDER SERVICES IN THE FIELD OF GENERAL MERCHANDIS

| QVC | Japan | 2000-96029 8/31/2000 | 4604949 9/20/2002 |

3: SOAPS, PERFUMERY AND INCENSES, COSMETICS AND TOILETRIES, ADHESIVES FOR AFFIXING FALSE H/
EYELASHES, DENTIFRICES, HOUSEHOLD ANTISTATIC AGENTS, HOUSEHOLD DEGREASING AGENTS, RUST-
SOFTENING PREPARATIONS, LAUNDRY STARCHES, LAUNDRY BLEACHES, FUNORI (SEAWEED GELATIN US
ABRASIVE PAPERS, ABRASIVE CLOTHS, ABRASIVE SANDS, ARTIFICIAL PUMICES, POLISHING PAPERS, POL
STRIPPING PREPARATIONS 9: PHYSICAL OR CHEMICAL APPARATUS AND INSTRUMENTS, MEASURING APP
MACHINES AND INSTRUMENTS, BATTERIES, ELECTRIC WIRING AND CABLES, PHOTOGRAPHIC APPARATU
OPTICAL APPARATUS AND INSTRUMENTS, EYEGLASSES, PROCESSED GLASS (NOT FOR BUILDINGS, LIFE-S
ROCKETS, MACHINES AND INSTRUMENTS FOR USE IN AMUSEMENT PARKS AND PLEASURE GROUNDS, SL
SIMULATORS FOR STEERING AND CONTROL OF VEHICLES, ROTARY CONVERTERS, PHASE MODIFIERS, RA
LUMINOUS OR MECHANICAL ROAD SIGNS, FIRE, ALARMS, GAS ALARMS, GLOVES FOR PROTECTION AGAI
MASKS, MAGNETIC CORES, CIGAR LIGHTERS FOR AUTOMOBILES, RESISTANCE WIRING, ELECTRODES, WE
FIRE ENGINES, FIRE-FIGHTING BOATS, SPRINKLERS FOR FIRE PROTECTION, ANTI-THEFT WARNING APPAR
SLIDE FILM MOUNTS, PRERECORDED VIDEO DISCS/TAPES, GASOLINE STATION EQUIPMENT, VENDING MA
REGISTERS, CALCULATING SCALES, COIN COUNTING AND SORTING MACHINES, OPERATION RECORDING
CALCULATORS, DRAWING OR DRAFTING MACHINES, TIME STAMPING MACHINES, TIME RECORDERS, ELE
MACHINES, APPARATUS TO CHECK STAMPED MAIL, WEIGHT BELTS, WETSUITS, INFLATABLE SWIMMING :
ELECTRIC ARC-WELDING MACHINES, VIDEO GAME APPARATUS FOR PERSONAL USE, MELT-CUTTING MAC
ELECTRIC AUTOMATIC DOOR OPENERS, METRONOMES 14: PRECIOUS METALS, TABLEWARE OF PRECIOUS
METAL, SUGAR BOWLS OF PRECIOUS METAL, SALT SHAKERS OF PRECIOUS METAL, EGG CUPS OF PRECIO
PRECIOUS METAL, TRAYS OF PRECIOUS METAL, TOOTHPICK HOLDERS OF PRECIOUS METAL, ICE BUCKET
PRECIOUS METAL, BOXES OF PRECIOUS METAL FOR NEEDLES, JEWEL CASES OF PRECIOUS METAL, CANDI
METAL, CANDLE RINGS OF PRECIOUS METAL; CANDLE TRAYS OF PRECIOUS METAL, POUCHES OF PRECIO
PRECIOUS METAL, PURSES OF PRECIOUS METAL, HAT ORNAMENTS OF PRECIOUS METAL, MONEY CLIPS O
ORNAMENTS, JEWELRY, ROUGH GEMSTONES, AND IMITATION JEWELRY, CLOCKS AND WATCHES, TROPH
WORKED GLASS (EXCEPT BUILDING GLASS), PANS, NON-ELECTRIC COFFEE-POTS (NOT OF PRECIOUS MET.
PRECIOUS METAL), ICE PAILS, HOUSEHOLD WHISKS (NON-ELECTRIC), COOKING SKEWERS, PORTABLE CO:

BOWLS AND SALT SHAKERS (NOT OF PRECIOUS METAL), EGG CUPS (NOT OF PRECIOUS METAL), NAPKIN F
PRECIOUS METAL), TOOTHPICK HOLDERS (NOT OF PRECIOUS METAL), RICE CHESTS, SALAD BOWLS (NOT
OPERATED COFFEE GRINDERS, PEPPER MILLS, FUNNELS, GLASS PRESERVING JARS, DRINKING FLASKS, W
BOTTLE OPENERS, GARTERS, TART SCOOPS, PAN-MATS AND TRIVETS, CHOPSTICKS, CHOPSTICK CASES, L
BOTTLES, ROLLING PINS, GRILLS, TOOTHPICKS, LEMON SQUEEZERS, NON-ELECTRIC WAFFLE IRONS, CAK
BUCKETS, WINE BOTTLE CRADLES, COOKING MOLDS, SPATULAS, GARLIC PRESSES, CLEANING AND LAUN
(COSMETIC UTENSILS) (EXCLUDING ELECTRIC TOOTHBRUSHES), DENTAL FLOSS, TUB BRUSHES, METAL B.
BRUSHES, PIG BRISTLES FOR BRUSHES, CLOTHES BRUSHES, SHOE-BRUSHES, SHOE HORNS, SHOE SHINE CI
GLASS OR CERAMIC, TROUGHS FOR LIVESTOCK (MANGERS), POULTRY RINGS, IRONING BOARDS, FEEDIN(
FLOWERS POTS, FLOWER POT HOLDERS, HYDROPONIC INSTRUMENTS FOR HOME GARDENING, FLOWER P
FLOWERPOTS COVERS, CINDER SIFTS FOR HOUSEHOLD USE, BOXES OF METAL FOR DISPENSING PAPER T(
WATERING CANS, CHAMBER POTS, COAL SCUTTLES, SOAP DISPENSERS, PIGGY BANKS (NOT OF PRECIOUS
(TAILERS' TRACING-SPATULA BOARDS), BATH WATER STIRRERS, BATHROOM STOOLS, BATHROOM PAILS.
OF PRECIOUS METAL),, CANDLE RINGS (NOT OF PRECIOUS METAL),, CANDLE TRAYS (NOT OF PRECIOUS M
CERAMIC GLASS, KORO (INCENSE BURNERS) AND PERFUME BURNERS, OUTDOOR COOKING SETS, FLOWE
CERAMIC, SCULPTURE OF GLASS OR CERAMICS 25: CLOTHING, GARTERS, STOCKING SUSPENDERS, BRACE
SPORTING AND GYMNASTIC WEAR, SPECIAL SPORTING AND GYMNASTIC FOOTWEAR 28: GAME MACHINE
EQUIPMENT (JAPANESE CHESS) DICE, SUGOROKU GAMES (JAPANESE PACHESI), DICE CUPS, DIAMOND GAI
MAHJONG EQUIPMENT, BILLIARD EQUIPMENT, TOYS, DOLLS, TOYS FOR DOMESTIC PETS, SPORTING AND

| QVC | Japan | 96453 1/26/1997 | 4387676 6/2/2000 |

38: CABLE TELEVISION BROADCASTING SERVICES FOR HOME SHOPPING, CABLE RADIO BROADCASTING S
SERVICES FOR HOME SHOPPING, SATELLITE RADIO BROADCASTING SERVICES FOR HOME SHOPPING, ANI

| QVC | Japan | 96452 1/27/1997 | 4219722 12/11/1998 |

35: PROFESSIONAL BUSINESS CONSULTANCY (INCLUDING ASSISTANCE AND ADVICE IN ESTABLISHING A]
THROUGH TELEVISION, CATALOGS, MAIL, COMPUTERS, AND NETWORKS)

| QVC | Kuwait | 35630 1/25/1997 | 33066 1/25/1997 |

42: PROVIDING AT HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF C.
GENERAL MERCHANDISE AND ALL OTHER SERVICES INCLUDED IN THIS CLASS

| QVC | Lebanon | 9501124008 3/29/1997 | 71956 4/2/1997 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, '

| QVC | Mexico | 586014 1/30/2003 | 819452 1/30/2003 |

38: BROADCASTING SERVICES RELATING TO HOME SHOPPING; CABLE, SATELLITE, AND TELEVISION BRO.

| QVC | Mexico | 586013 1/30/2003 | 819451 1/30/2003 |

35: BUSINESS MANAGEMENT SERVICES, NAMELY ASSISTANCE AND ADVICE IN THE ESTABLISHMENT ANI
AND/OR NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; ADVERTSING AND SALES, PROMOTION OI
COMPUTERS AND/OR NETWORKS

| QVC | Mexico | 496565 7/17/2001 | 787461 7/17/2001 |

42: HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, CAI
INTERNET

| | | | |
|---|---|---|---|
| QVC | Mexico | 586015<br>1/30/2003 | 819453<br>1/30/2003 |

41: ENTERTAINMENT SERVICES RELATING TO HOME SHOPPING; TELEVISION ENTERTAINMENT SERVICES
ALL RELATING TO HOME SHOPPING OR TO THE PRODUCTS AND SERVICES OFFERED FOR SALE OR SUPPLY

| | | | |
|---|---|---|---|
| QVC | Morocco | 11/5/1996 | 61112<br>11/5/1996 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, '

| | | | |
|---|---|---|---|
| QVC | Norway | 966311<br>10/15/1996 | 184981<br>9/11/1997 |

35: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, '

| | | | |
|---|---|---|---|
| QVC | Oman | 14357<br>10/6/1996 | 14357<br>10/6/1996 |

35: BUSINESS MANAGEMENT SERVICES, INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT A
COMPUTERS, AND/OR NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; ADVERTISING AND SALES P
CATALOGUES, MAIL, COMPUTERS, CABLE, AND/OR NETWORKS

| | | | |
|---|---|---|---|
| QVC | Qatar | 15940<br>11/21/1996 | 15940<br>11/21/1996 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, '

| | | | |
|---|---|---|---|
| QVC | Saudi Arabia | 38150<br>3/25/1997 | 543/22<br>7/10/2000 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, '

| | | | |
|---|---|---|---|
| QVC | Singapore | 5371/00<br>4/1/2000 | T00/05371J<br>4/1/2000 |

35: RETAIL SERVICES RELATING TO A GENERAL DEPARTMENT STORE SELLING A GREAT VARIETY OF MEI
ELECTRONICS, SMALL APPLIANCES, TOOLS, HOME DECORATIONS, LINENS, CRAFT SUPPLIES, COSMETICS,
THE BENEFIT OF OTHERS, OF A VARIETY OF GOODS, ENABLING CUSTOMERS TO CONVENIENTLY VIEW AN
COMPUTER WEB SITE AND/OR TELECOMMUNICATION NETWORKS; BUSINESS MANAGEMENT SERVICES, II
MANAGEMENT OF SALES BY TELEVISION, CATALOGUES, MAIL, COMPUTERS, AND/OR NETWORKS IN THE
OF GENERAL MERCHANDISE BY MEANS OF TELEVISION CATALOGUES, MAIL, COMPUTERS CABLE, AND/O

| | | | |
|---|---|---|---|
| QVC | Singapore | 5372/00<br>4/1/2000 | T00/053721<br>4/1/2000 |

38: BROADCASTING SERVICES RELATING TO HOME SHOPPING; CABLE, SATELLITE, AND TELEVISION BRO,

| | | | |
|---|---|---|---|
| QVC | Singapore | 5373/00<br>4/1/2000 | T00/05373(<br>4/1/2000 |

41: ENTERTAINMENT SERVICES RELATING TO HOME SHOPPING; TELEVISION ENTERTAINMENT SERVICES

HOME SHOPPING OR TO THE PRODUCTS AND SERVICES OFFERED FOR SALE OR SUPPLY

| QVC | South Korea | 41-2001-24504<br>12/14/2001 | 41-92924<br>11/10/2003 |
|---|---|---|---|

35: HOME SHOPPING SALES AGENCY SERVICES, AND MAINTENANCE AND MANAGEMENT OF HOME SHOPE
TELECOMMUNICATION EQUIPMENT, FURNITURE, TABLEWARE NOT OF PRECIOUS METAL, KITCHENWARE
PRECIOUS METAL (OTHER THAN FOR ELECTRIC), HOUSEHOLD ELECTRICAL APPLIANCES, PAPER, PRINTEI
STATIONERY, SOAPS, COSMETICS, CD RECORDED WITH MUSIC, JEWELRY, PRECIOUS METALS, PERSONAL
(NOT OF PRECIOUS METAL), OPTICAL INSTRUMENTS, FOOTWEAR, CLOTHING, BAGS, TOYS AND DOLLS, RI
VIDEO TAPES, RECORDED DVD, CAMERAS, PHARMACEUTICAL PREPARATIONS, WATCHES, FOOD PRODUC
BATH LINENS, RUGS, INDOOR DECORATION OF TEXTILES, PERFUMES, ESSENTIAL OILS FOR AROMATHER
MEANS OF TELEVISION/CABLE TV/COMPUTER NETWORK; 38: COMPUTER COMMUNICATION SERVICES FOI
SHOPPING; AND TELEVISION BROADCASTING SERVICES FOR HOME SHOPPING

| QVC | South Korea | 97-17187<br>12/19/1997 | 52636<br>1/26/1999 |
|---|---|---|---|

NA: 112: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVIS

| QVC | Switzerland | 1157/1995<br>2/9/1995 | 429090<br>2/9/1995 |
|---|---|---|---|

38: BROADCASTING SERVICES INCLUDING CABLE, SATELLITE AND TELEVISION BROADCASTING SERVICE
SERVICES; EDUCATION AND INFORMATION SERVICES (AS FAR AS INCLUDED IN CLASS 41); 42: RETAIL SEF

| QVC | Taiwan | (87)7690<br>2/23/1998 | 110143<br>6/15/1999 |
|---|---|---|---|

35: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION,

| QVC | Tangier Zone | 11859<br>4/8/1997 | 11859<br>12/3/1997 |
|---|---|---|---|

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION,

| QVC | Tunisia | EE961822<br>12/25/1996 | EE961822<br>12/25/1996 |
|---|---|---|---|

42: ALL SERVICES IN CLASS NOT SPECIFICALLY INCLUDED IN ANY OTHER CLASS

| QVC | Turkey | 9895/97<br>2/24/1997 | 191824<br>2/24/1997 |
|---|---|---|---|

AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, COI
INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT AND MANAGEMENT OF SALES BY TELEVI
OF GENERAL MERCHANDISE; ADVERTISING AND SALES PROMOTION OF GENERAL MERCHANDISE BY ME
NETWORKS; BROADCASTING SERVICES RELATING TO HOME SHOPPING; CABLE, SATELLITE, AND TELEVIS
ENTERTAINMENT SERVICES RELATING TO HOME SHOPPING; TELEVISION ENTERTAINMENT SERVICES REI
RELATING TO HOME SHOPPING OR TO THE PRODUCTS AND SERVICES OFFERED FOR SALE OR SUPPLY

| QVC | Ukraine | 2003021938/T<br>2/28/2003 | 48176<br>2/28/2003 |
|---|---|---|---|

35: AT-HOME SHOPPING, CATALOG AND MAIL ORDER SERVICES IN THE FIELD OF GENERAL MERCHANDIS
AND/OR NETWORKS; THE BRINGING TOGETHER, FOR THE BENEFIT OF OTHERS, OF A VARIETY OF GOODS
MANAGEMENT SERVICES, INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT AND MANAGEN

TELEPHONE, COMPUTERS AND/OR NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; ADVERTISING ,
TELEVISION, CABLE, CATALOGS, MAIL, TELEPHONE, COMPUTERS AND/OR NETWORKS

| QVC | United Arab Emirates | 26982<br>6/8/1998 | 33579<br>6/8/1998 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, '

| QVC | Yemen (Republic of) | 9858<br>1/15/1996 | 9858<br>1/15/1996 |

42: AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, '

| QVC - DIE NEUE ART EINZUKAUFEN | Germany | 300634218/35<br>8/23/2000 | 30063421<br>8/23/2000 |

35: ADVERTISING AND SALES PROMOTION OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, CATA
BUSINESS MANAGEMENT INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT AND MANAGEM
COMPUTER NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; BUSINESS ADMINISTRATION; OFFICE I
DISTRIBUTION OF SAMPLES; PUBLICITY SERVICES; ORGANIZATION OF FAIRS AND EXHIBITIONS FOR ECO:
THE PURCHASE AND SALE OF GOODS; 38: TELECOMMUNICATIONS; BROADCASTING SERVICES RELATING
SERVICES RELATING TO HOME SHOPPING; PROVIDING ACCESS TO A COMPUTER NETWORK IN THE FIELD '
NAMELY PROVIDING INFORMATION VIA THE INTERNET, OPERATING WITH A TELESHOPPING CHANNEL, F
MESSAGING), PROVIDING WEBSITES

| QVC - THE NEW WAY OF SHOPPING | European Union | 1820299<br>8/21/2000 | 1820299<br>8/21/2000 |

35: AT-HOME SHOPPING, CATALOG AND MAIL ORDER SERVICES IN THE FIELD OF GENERAL MERCHANDIS
AND/OR NETWORKS; THE BRINGING TOGETHER, FOR THE BENEFIT OF OTHERS, OF A VARIETY OF GOODS
MANAGEMENT SERVICES, INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT AND MANAGEI
TELEPHONE, COMPUTERS AND/OR NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; ADVERTISING ,
TELEVISION, CABLE, CATALOGS, MAIL, TELEPHONE, COMPUTERS AND/OR NETWORKS 38: BROADCASTIN(
TELEVISION BROADCASTING SERVICES RELATING TO HOME SHOPPING; PROVIDING ACCESS TO A COMPU

| QVC & DESIGN | Germany | 302148663/35<br>3/21/2002 | 30214866<br>3/21/2002 |



35: ADVERTISING AND SALES PROMOTION OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, CATA
BUSINESS MANAGEMENT INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT AND MANAGEM
COMPUTER NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; BUSINESS ADMINISTRATION; OFFICE I
DISTRIBUTION OF SAMPLES; PUBLICITY SERVICES; ORGANIZATION OF FAIRS AND EXHIBITIONS FOR ECO:
THE PURCHASE AND SALE OF GOODS; 38: TELECOMMUNICATIONS; BROADCASTING SERVICES RELATING
SERVICES RELATING TO HOME SHOPPING; MULTIMEDIA AND INTERNET SERVICES; PROVIDING INTERNE1
SERVICES; SERVICES IN CONNECTION WITH TV ENTERTAINMENT 42: PROVIDING ACCESS TO A COMPUTEI

| QVC & QVC (STYLIZED)(SERIES) | Austria | | 161222<br>12/4/1995 |



QVC

35: RETAIL SERVICES, IN PARTICULAR VIA TELEVISION AND RADIO; PRODUCTION OF TELEVISION SHOPPI
TRANSMISSION OF RADIO BROADCASTS AND TELEVISION BROADCASTS, IN PARTICULAR VIA CABLE ANI
EDUCATION, TRAINING AND INFORMATION SERVICES

| QVC & QVC (STYLIZED)(SERIES) | United Kingdom | 1584688 10/31/1994 | 1584688 10/31/1994 |



QVC

38: BROADCASTING SERVICES; CABLE, SATELLITE AND TELEVISION BROADCASTING SERVICES

| QVC & QVC (STYLIZED)(SERIES) | United Kingdom | 2000873 10/31/1994 | 2000873 10/31/1994 |



QVC

41: TELEVISION ENTERTAINMENT SERVICES; PROVISION OF INFORMATION RELATING TO PRODUCTS AND

| QVC (BLOCK, STYLIZED) SERIES | New Zealand | 706523 1/5/2004 | 706523 1/5/2004 |



35: RETAIL AND WHOLESALE SERVICES INCLUDING AT-HOME SHOPPING SERVICES IN RELATION TO FASH
PRODUCTS, HOMEWARE INCLUDING FURNITURE, CANDLES, COOKWARE AND OTHER PRODUCTS FOR COO
PRODUCTS, JEWELERY, GIFTWARE, SPORT AND FITNESS EQUIPMENT, TOYS, CRAFTS AND LEISURE GOODS
COMPUTERS, CABLE, AND NETWORKS; BUSINESS MANAGEMENT SERVICES, INCLUDING ASSISTANCE AND
TELEVISION, CATALOGUES, MAIL, COMPUTERS, AND NETWORKS IN THE FIELD OF GENERAL MERCHANDI
MEANS OF TELEVISION, CATALOGUES, MAIL, COMPUTERS, CABLE AND NETWORKS

| QVC (KATAKANA) | Japan | 2000-96030 | 4580318 |
| | | 8/31/2000 | 6/28/2002 |

35: CLASS HEADING CLAIMED, INCLUDING, AGENCIES FOR ADVERTISING BY MEANS OF TELEVISION, CAT
ADVERTISING, ISSUANCE OF TRADING STAMPS, PROFESSIONAL BUSINESS CONSULTANCY (INCLUDING AS
AN ENTERPRISE FOR SALES OF MERCHANDISE THROUGH TELEVISION, CATALOGS, MAIL, COMPUTERS, AT
INFORMATION, BUSINESS MANAGEMENT OF HOTELS, PREPARATION, AUDITING AND/OR CERTIFICATION
IMPORT-EXPORT CLEARANCE AGENCIES, AGENCIES FOR OFFICE WORK RELATING TO COMMERCIAL SAL!
NETWORKS, ARRANGING NEWSPAPER SUBSCRIPTIONS, DOCUMENT REPRODUCTION, SHORTHAND, OPER/
OFFICE MACHINES, TRANSCRIPTION, DOCUMENT OR MAGNETIC-TAPE FILING, RECEPTION AND GUIDANC
LEASING OF TYPEWRITERS, COPYING MACHINES, AND WORD PROCESSORS; 38: CLASS HEADING CLAIMEI
TELEX, COMMUNICATION BY COMPUTER TERMINALS, COMMUNICATION BY TELEGRAMS, COMMUNICAT.
TELEVISION BROADCASTING SERVICES FOR HOME SHOPPING, CABLE RADIO BROADCASTING SERVICES F
HOME SHOPPING, SATELLITE RADIO BROADCASTING SERVICES FOR HOME SHOPPING, TELEVISION BROA:
COMMUNICATION MEDIA, RENTAL OF TELECOMMUNICATION EQUIPMENT, INCLUDING TELEPHONES AN!

| QVC (RED/STYLIZED) | Russian Federation | 2003702725 | 275088 |
| | | 2/12/2003 | 9/14/2004 |

35: THE BRINGING TOGETHER, FOR THE BENEFIT OF OTHERS, A VARIETY OF GOODS IN THE FIELD OF GEN
CUSTOMERS TO CONVENIENTLY VIEW AND PURCHASE THOSE GOODS, IN PARTICULAR AT-HOME SHOPPI
NETWORKS; ADVERTISING

| QVC (STYLIZED) | China (People's Republic | 3722863 | 3722863 |

Of)                        9/18/2003              9/14/2005

**QVC**

35: BUSINESS MANAGEMENT SERVICES, BUSINESS INQUIRIES, ADVERTISING SALES PROMOTION (FOR OTI

| QVC (STYLIZED) | China (People's Republic Of) | 3722862 9/18/2003 | 3722862 10/28/2005 |

**QVC**

38: BROADCASTING SERVICES RELATING TO HOME-SHOPPING; CABLE, SATELLITE, AND TELEVISION BRO.

| QVC (STYLIZED) | China (People's Republic Of) | 3722861 9/18/2003 | 3722861 10/14/2005 |

**QVC**

41: ENTERTAINMENT SERVICES RELATING TO HOME SHOPPING; TELEVISION ENTERTAINMENT SERVICES ALL RELATING TO HOME SHOPPING OR TO THE PRODUCTS AND SERVIES OFFERED FOR SALE OR SUPPLY

| QVC (STYLIZED) | Hong Kong | 97/17604 12/12/1997 | B13343 12/12/1997 |

**QVC**

42: HOME SHOPPING BY TELEVISION, COMPUTER AND CABLE MEANS

| QVC (STYLIZED) | South Africa | 98/01365 2/3/1998 | 98/01365 2/3/1998 |

**QVC**

35: BUSINESS MANAGEMENT SERVICES, INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT A COMPUTERS, AND/OR NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; ADVERTISING AND SALES P CATALOGUES, MAIL, COMPUTERS, CABLE, AND/OR NETWORKS; OFFERING FOR SALE AND THE SALE OF G

| QVC (STYLIZED) | Venezuela | 3685/98 3/5/1998 | 9715S 4/20/1999 |

**QVC**

42: PROVIDING OF FOOD AND DRINK; TEMPORARY ACCOMMODATION; MEDICAL HYGIENIC AND BEAUTY SCIENTIFIC AND INDUSTRIAL RESEARCH; COMPUTER PROGRAMMING

| QVC CARD (SERIES) | United Kingdom | 2111728 10/2/1996 | 2111728 10/2/1996 |

# QVC Card
# QVC CARD

16: CREDIT CARDS, DEBIT CARDS, CHARGE CARDS AND DISCOUNT CARDS; CHEQUE GUARANTEE CARDS; DISCOUNT CARD SERVICES; CREDIT CARD MANAGEMENT

| | | | |
|---|---|---|---|
| QVC die neue Art einzukaufen & DESIGN | Germany | 302148671/35 3/21/2002 | 30214867 3/21/2002 |



35: ADVERTISING AND SALES-PROMOTION OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, CATA BUSINESS MANAGEMENT INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT AND MANAGEM COMPUTER NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; BUSINESS ADMINISTRATION; OFFICE DISTRIBUTION OF SAMPLES; PUBLICITY SERVICES; ORGANIZATION OF FAIRS AND EXHIBITIONS FOR ECO THE PURCHASE AND SALE OF GOODS; 38: TELECOMMUNICATIONS; BROADCASTING SERVICES RELATING SERVICES RELATING TO HOME SHOPPING; PROVISION OF ACCESS TO A COMPUTER NETWORK IN THE FIEI NAMELY PROVIDING INTERNET PAGES, PROVISION OF INFORMATION ON THE INTERNET, OPERATION OF TO INTERNET ADDRESSES (WEB MESSAGING); 41: ENTERTAINMENT SERVICES; TRAINING AND INFORMAT QUALITIES OF MATERIALS AND NATURAL AND/OR ARTIFICIAL PRODUCTS; SERVICES IN CONNECTION WI

| | | | |
|---|---|---|---|
| QVC DIE NEUE ART EINZUKAUFEN & TELEVISION SHOPPING BAG DESIGN | European Union | 2280238 6/29/2001 | 2280238 6/29/2001 |



35: AT-HOME SHOPPING, CATALOG AND MAIL ORDER SERVICES IN THE FIELD OF GENERAL MERCHANDIS AND/OR NETWORKS; THE BRINGING TOGETHER, FOR THE BENEFIT OF OTHERS, OF A VARIETY OF GOODS MANAGEMENT SERVICES, INCLUDING ASSISTANCE AND ADVICE IN THE ESTABLISHMENT AND MANAGEM TELEPHONE, COMPUTERS AND/OR NETWORKS IN THE FIELD OF GENERAL MERCHANDISE; ADVERTISING . TELEVISION, CABLE, CATALOGS, MAIL, TELEPHONE, COMPUTERS AND/OR NETWORKS; 38: BROADCASTIN

TELEVISION BROADCASTING SERVICES RELATING TO HOME SHOPPING; 42: PROVIDING ACCESS TO A COM

| QVC LOCAL | Canada | 822184 8/30/1996 | 515920 8/31/1999 |

PROVIDING AT-HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELE
RELATING TO HOME SHOPPING; ENTERTAINMENT SERVICES RELATING TO HOME SHOPPING; TELEVISION
AND INFORMATION SERVICES, ALL RELATING TO HOME SHOPPING OR TO THE PRODUCTS AND SERVICES
OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, CABLE AND NETWORKS; RETAIL STORE SERVICE

| QVC OUTLET STORE & DESIGN | Germany | 301552959/35 9/17/2001 | 30155295 2/21/2002 |



1-36, 38-42 ENTIRE CLASS HEADINGS

| QVC OUTLET STORE (STYLIZED) | Germany | 30320661.6/35 4/22/2003 | 30320661 4/22/2003 |



35: PROCUREMENT AND CONCLUSION OF CONTRACTS FOR THE PURCHASE AND SALE OF GOODS AND SER
ENABLE THE CONSUMER TO EASILY VIEW AND PURCHASE SUCH GOODS; BUSINESS MANAGEMENT, IN PA
TRADE OF ALL TYPES OF GOODS; ADVERTISING AND SALES PROMOTION IN THE FIELD OF TRADE OF ALL
SALE OF GOODS AND RELATED CONSULTING SERVICES, FOR OTHERS; 39: TRANSPORTATION; PACKAGING
ROOMS FOR BUSINESS WITH CUSTOMERS

| QVC PRESTIGE CLASS & DESIGN | Japan | 2003-19263 3/11/2003 | 4722055 10/31/2003 |



35: AGENCIES FOR ADVERTISING BY MEANS OF TELEVISION, CATALOGS, MAIL, COMPUTERS, CABLES, AN
STAMPS, PROFESSIONAL BUSINESS CONSULTANCY (INCLUDING ASSISTANCE AND ADVICE IN ESTABLISH
MERCHANDISE THROUGH TELEVISION, CATALOGS, MAIL, COMPUTERS, AND NETWORKS), MARKETING R!
MANAGEMENT OF HOTELS, PREPARATION, AUDITING AND/OR CERTIFICATION OF FINANCIAL STATEMEN
AGENCIES, AGENCIES FOR OFFICE WORK RELATING TO COMMERCIAL SALES BY MEANS OF TELEVISION,
NEWSPAPER SUBSCRIPTIONS, DOCUMENT REPRODUCTION, SHORTHAND, OPERATION OF COMPUTERS, TY

TRANSCRIPTION, DOCUMENT OR MAGNETIC-TAPE FILING, RECEPTION AND GUIDANCE FOR VISITORS AT
TYPEWRITERS, COPYING MACHINES, AND WORD PROCESSORS; 38: MOBILE TELEPHONE COMMUNICATION
TERMINALS, COMMUNICATION BY TELEGRAMS, COMMUNICATION BY TELEPHONE, FACSIMILE TRANSMI
HOME SHOPPING, CABLE RADIO BROADCASTING SERVICES HOME SHOPPING, SATELLITE TELEVISION BR(
BROADCASTING SERVICES FOR HOME SHOPPING, TELEVISION BROADCASTING SERVICES FOR HOME SHO
TELECOMMUNICATION EQUIPMENT, INCLUDING TELEPHONES AND/OR FACSIMILE APPARATUS

| | | | |
|---|---|---|---|
| QVC RHEIN STUDIOS (STYLIZED) | Germany | 301552967/35 9/17/2001 | 30155296 2/21/2002 |



1-36, 38-42 ENTIRE CLASS HEADINGS

| | | | |
|---|---|---|---|
| QVC THE SHOPPING CHANNEL | European Union | 1663715 5/17/2000 | 1663715 5/17/2000 |

1,2,3,4,5,6,7,8,9,10,11,12,14,15,16,17,18,20,21,22,23,24,25,26,27,28,29,30,31,32,33,34,36,37,38,39,40 CLASS HEADINGS
BOOKS, MAGAZINES, JOURNALS, PERIODICALS, REPORTS, MANUALS, TEXTS, COMPUTER PROGRAMS, REC
RECORDINGS AND ELECTRONIC RECORDINGS, ELECTRONIC PUBLISHING, MULTI-MEDIA PUBLISHING; OR(
PRODUCTION OF TELEVISION PROGRAMMES, FILMS AND SHOWS; RENTAL OF PRE-RECORDED SHOWS, FIL
AND VIDEO DISCS; TELEVISION ENTERTAINMENT; PROVISION OF ENTERTAINMENT RELATING TO ELECTI
INTERACTIVE TELEVISION EDUCATION AND INTERACTIVE TELEVISION SHOPPING SERVICES; EDUCATION
EDUCATION BY TELEVISION; ENTERTAINMENT BY TELEVISION; INTERACTIVE TELEPHONE AND TELEVISI
OF TELEVISION; 42: COMPUTER SERVICES; COMPUTER BASED TRAINING; PROGRAMMING SERVICES; LEAS
SOFTWARE AND COMPUTER PROGRAMS AND OF DATA-TRANSMITTING AND RECEIVING APPARATUS ANI
SOFTWARE FOR IMPLEMENTING INTERACTIVE TELEVISION AND FOR IMPLEMENTING ELECTRONIC SHOPI
LINE DATABASES AND COMPUTER PROGRAMMING; ADVISORY AND SUPPORT CONSULTATION SERVICES
ELECTRONIC SHOPPING; ON-LINE ACCESS TO DATABASES AND REFERENCE MATERIALS AND TO UPDATE'
COMPUTER DATABASES; UPDATING OF INFORMATION ON COMPUTER DATABASES; WRITING, DESIGN AN
RELATING TO THE FIELD OF ELECTRONIC SHOPPING; SERVICES TO VIEWERS IN THE FIELD OF INTERACTI
ACCESS TO DATABASES AND REFERENCE MATERIALS AND TO UPDATES OF DATABASES AND REFERENCI
UPDATING OF INFORMATION ON COMPUTER DATABASES; WRITING, DESIGN AND DEVELOPMENT OF COM
PHOTOGRAPHY; CATERING SERVICES; RESTAURANTS; CAFES; BARS; COCKTAIL LOUNGE SERVICES; HYGI
OPTICIANS' SERVICES; INTERIOR DECOR; DRESS DESIGNING; DRESS RENTAL; FASHION INFORMATION; CO
AFORESAID; ELECTRONIC SHOPPING SERVICES; MAIL ORDER SERVICES; SERVICES FOR DEPARTMENT ST(

| | | | |
|---|---|---|---|
| QVC THE SHOPPING CHANNEL | United Kingdom | 2000254 10/31/1994 | 2000254 10/31/1994 |

38: BROADCASTING SERVICES; CABLE, SATELLITE AND TELEVISION BROADCASTING SERVICES; ALL REL
ENTERTAINMENT SERVICES; ALL RELATING TO HOME SHOPPING; EDUCATION AND INFORMATION SERVI(
SERVICES OFFERED FOR SALE OR SUPPLY

This is a client-generated list. The data may not have been
totally updated at the time the list was generated. This data is
confidential and is maintained by

**Cowan, Liebowitz & Latman, P.C.**

**1133 Avenue of the Americas**
**New York, NY  10036**
**212-790-9200**

# EXHIBIT
# B

**Section 2**

## A. TYPE OF SERVICE

- ☐ Certified Mail™
- ☐ COD
- ☐ Express Mail®
- ☐ Numbered Insured
- ☐ Registered Mail™
- ☐ Return Receipt for Merchandise

## B. ARTICLE ADDRESSED TO

Addressee Name
Jersey - Baker Enterprise

Addressee Address
1908 SE Hilmoor Drive, Ste. 34

*(No., street, apt./ste. no.)*
Port Lucie, FL 34952

*(City, state, ZIP Code™)*

## C. ARTICLE INFORMATION

Article Number
RA472231808 US

Mailing Date (mm/dd/yy)
07 / 31 / 07

## D. REQUESTOR

Requestor Name
James Heisman, Esq.

Requestor Address
Connolly Bove Lodge & Hutz
P.O. Box 2207

*(No., street, apt./ste. no.)*
Wilmington, DE 19899

*(City, state, ZIP Code)*

Fax Number (Include area code) or email address (Complete ONLY if an electronic inquiry)

Delivery/Office Postmark

**Section 3**

### For Delivery Office Use Only
Postal Service records show no delivery
information because:
- ☐ Record not found
- ☐ Forwarded (date)
- ☐ Returned (date)

Delivered to the following individual, company or organization
Nessa Barker Barker

Delivery Date
8/9/07

Delivery Address (if different from address in section 2B)
1908 SE Hilmoor DE

Request for Delivery Information/Return Receipt After Mailing
United States Postal Service®

PS Form **3811-A**, September 2004 (PSN 7530-02-000-9054)

**A. TYPE OF SERVICE**

- ☐ Certified Mail™
- ☐ COD
- ☐ Express Mail®
- ☐ Numbered Insured
- ☐ Registered Mail™
- ☐ Return Receipt for Merchandise

**B. ARTICLE ADDRESSED TO**

Addressee Name
Mr. Jason Jersey

Addressee Address
1908 SE Hillmoor Drive, Suite 34

(No., street, apt./ste. no.)
Port St. Lucie, FL 34952

(City, state, ZIP Code™)

**C. ARTICLE INFORMATION**

Article Number
RB 972 231 799 US

Mailing Date (mm/dd/yy)
01/31/07

**D. REQUESTOR**

Requestor Name
James Heisman, Esq.

Requestor Address
Connolly Bove Lodge & Hutz
P.O. Box 2207

(No., street, apt./ste. no.)
Wilmington, DE 19899

(City, state, ZIP Code)

Fax Number (Include area code) or email address (Complete ONLY if an electronic inquiry)

**For Delivery Office Use Only**

Delivered to the following individual (name or organization):
Josh Barker

Postal Service records show no delivery information because:
- ☐ Record not found
- ☐ Forwarded (date:
- ☐ Returned (date:

Delivery Date:
8/9/07

Delivery Address (If different from address in section 2B)
1908 SE Hillmoor DC

Delivery Office Section stamp
2007

Request for Delivery Information/Return Receipt After Mailing
United States Postal Service®

PS Form **3811-A**, September 2004 (PSN 7530-02-000-9054)

Section 2

Section 3

| A. TYPE OF SERVICE | | C. ARTICLE INFORMATION |
| --- | --- | --- |
| ☐ Certified Mail™   ☐ Numbered Insured<br>☐ COD            ☐ Registered Mail™<br>☐ Express Mail®   ☐ Return Receipt for Merchandise | | Article Number<br>R891223181 US<br>Mailing Date (mm/dd/yy) 07/31/07 |

**B. ARTICLE ADDRESSED TO**

Addressee Name
Mr. Joshua Barker

Addressee Address
1908 SE Hamillmoor Dr., Ste. 34
Fort St. Lucie, FL 34952
*(No., street, apt./ste. no.)*
*(City, state, ZIP Code™)*

**D. REQUESTOR**

Requestor Name
James Heisman, Esq.

Requestor Address
Connolly Bove Lodge & Hutz
P.O. Box 2207
Wilmington, DE 19899
*(No., street, apt./ste. no.)*
*(City, state, ZIP Code)*

Fax Number *(Include area code) or email address (Complete ONLY if an electronic inquiry)*

| For Delivery Office Use Only | Delivered to the named individual, company or organization |
| --- | --- |
| Postal Service records show no delivery information because<br>☐ Record not found<br>☐ Forwarded (date<br>☐ Returned (date | Joshua Barker<br>Delivery Date<br>8/9/07<br>Delivery Address *(if different from address in section 2B)*<br>1908 SE Hamillmoor Dr. |

**Request for Delivery Information/Return Receipt After Mailing**
United States Postal Service®

PS Form **3811-A**, September 2004 (PSN 7530-02-000-9054)

Section 2

Section 3

DELIVERY OFFICE POSTMARK BY WHICH CONFIRMATION OF DELIVERY
SEP 20 2007
USPS

# EXHIBIT
# C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| QVC, Inc. | : | |
| | : | Civil Action No. 07-463 (JJF) |
| and | : | |
| | : | |
| ER Marks, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Joshua Barker, | : | |
| Jason Jersey, and | : | |
| Jersey-Barker Enterprises | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**DECLARATION OF ATTORNEY JAMES D. HEISMAN**
**IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

I, James D. Heisman, hereby declare:

1.      I am a partner with the law firm of Connolly Bove Lodge & Hutz LLP and represent Plaintiffs in the above captioned action.

2.      In late August 2007, defendant Joshua Barker contacted me and requested that he be given time to consult with an attorney before responding to the complaint served upon Defendants.  I agreed to this request, however, neither he nor his attorney have contacted me since.

3.      Defendants are not infants, incompetent persons, or in the military.

4.      As of the date of this Declaration, Defendants have not filed Answers or otherwise responded within the time provided by the Rules of this Court, and are therefore in default.

I declare under penalty of perjury pursuant to the laws of the United States and the State of Delaware that the foregoing is true and correct, and that this Declaration was executed on this ___6/7h___ day of February, 2008.

James D. Heisman (# 2746)

# EXHIBIT
# D



Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 1192640 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Phillips v. Parker
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Gregory S. PHILLIPS, Plaintiff,
v.
Randy PARKER, Defendant.
**No. Civ.A. 01-516-JJF.**

May 20, 2004.

Gregory Phillips, Georgetown, Delaware, Plaintiff, pro se.

FARNAN, J.

\*1 Presently before the Court is the Plaintiff's Petition For A Writ of Execution (D.I.43-1), which the Court construes as a Motion for Default Judgment. For the reasons discussed, the Court will grant the Motion.

### BACKGROUND

In his Complaint, Plaintiff alleges that Defendant, Randy Parker, subjected him to cruel and unusual punishment at the hands of fellow inmates in the Key Program. Specifically, Plaintiff alleges that Defendant allowed inmate coordinators to subject him to sleep deprivation and humiliation. Plaintiff requests relief and compensation based on this alleged abuse under 42 U.S.C. § 1983.

On March 13, 2003, Plaintiff filed a Motion for Summary Judgment by Default (D.I.30-1). Plaintiff contends that Defendant was served by the U.S. Marshal and Defendant's answer was due on November 4, 2002, but was not filed. On April 4, 2003, the Court concluded that Defendant had not responded to the Complaint and entered the default.

Presently before the Court is Plaintiff's Motion for Default Judgment. In the Motion, Plaintiff requests that the Court award $ 60,000 in monetary compensation, a successful completion of the Key Program, and an injunction enjoining the Key Program from further abuse of Plaintiff.

A hearing on Plaintiff's Motion was held on Thursday, March 25, 2004. During the hearing, Plaintiff withdrew his requests related to the Key Program, stating that changes in the management of the program and his present circumstances rendered his requests moot. Presently before the Court is the remainder of Plaintiff's Motion, requesting monetary relief against Defendant.

### DISCUSSION

The facts alleged in a Complaint are deemed admitted after a default is entered. *Bonilla v. Trebol Motors Corp., 150 F.3d 77, 80 (1st Cir.1998)*. Thus, Plaintiff has proved that, under the supervision and direction of Defendant, other prisoners were allowed to abuse and humiliate Plaintiff. Specifically, Plaintiff proved that prisoners were given supervisory positions by Defendant and used those positions to, among other things, substantially deprive Plaintiff of sleep. Additionally, Plaintiff testified concerning the injuries he suffered by this abuse.

The Court concludes that Plaintiff has established that Defendant subjected him to cruel and unusual punishment in violation of the Fourteenth and Eighth Amendments, creating a compensable injury under Section 1983. The Court concludes that Plaintiff has proved that he is entitled to compensatory damages for pain and suffering in the amount of $15,000.00.

### CONCLUSION

For the reasons discussed, the Court will grant Plaintiff's Motion for Default Judgment.

An appropriate Order will be entered.

This action came before the Court, the Honorable Joseph J. Farnan, Jr., District Judge presiding, and the issues having been decided by default judgment after a hearing before the Court.

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Plaintiff, Gregory Phillips, and against the Defendant, Randy Parker, with an award of compensatory damages to Plaintiff in the amount of fifteen thousand dollars ($15,000.00).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 2
Not Reported in F.Supp.2d, 2004 WL 1192640 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**


D.Del.,2004.
Phillips v. Parker
Not Reported in F.Supp.2d, 2004 WL 1192640
(D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT
# E

LEXSEE 2007 US DIST LEXIS 31721

**STEVEN JOHNSON, Plaintiff, v PATRICK CONNOLLY, Defendant.**

**No C 06-6414 VRW**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*2007 U.S. Dist. LEXIS 31721*

**April 18, 2007, Filed**

**COUNSEL:** [*1] For Steven Johnson, an individual doing business as Cowboy's Fuzzy Duds, Plaintiff: Eric J. Farber, LEAD ATTORNEY, Farber & Company, Attorneys, San Francisco, CA.

**JUDGES:** VAUGHN R. WALKER, United States District Judge.

**OPINION BY:** Vaughn R. Walker

**OPINION**

ORDER

Plaintiff alleges that defendant infringes his trademark rights under the Lanham Act, *15 USC § 1114*, and violates the Anti-cybersquatting Consumer Protection Act (ACPA), *15 USC § 1125(d)*. Doc # 1. Plaintiff now moves for default judgment, seeking statutory damages, injunctive relief and attorney fees. Doc ## 18, 19. For the reasons that follow, the court GRANTS plaintiff's motion for default judgment, GRANTS injunctive relief, DENIES statutory damages and GRANTS an award of attorney fees and expenses.

Plaintiff asserts that he created Cowboy's Fuzzy Duds, a line of clothing made entirely of patterned and solid fleece cloth. Doc # 1, P 1. After creating a prototype, Doc # 22, P 2, plaintiff registered "Cowboy's Fuzzy Duds" as a business name with the Contra Costa County clerk's office on March 20, 2002. Doc # 22, Ex B. Plaintiff then registered the domain name www.cowboysfuzzyduds.com with Network [*2] Solutions on October 14, 2002. Doc # 22, P 9. Two months later, plaintiff filed an application for federal trademark registration for "Cowboy's Fuzzy Duds," which was granted on August 23, 2005. Doc # 22, P 10; id, Ex C. Plaintiff's clothing line displays this trademark in the lower right hand corner of the clothing. Doc # 1, P 1.

Defendant, who met plaintiff during the development of plaintiff's product, Doc # 22, 11, registered the domain name *www.fuzzyduds.com* on June 29, 2003, id, Ex F, and allegedly began producing nearly identical patterned fleece clothing bearing the mark "Fuzzy Duds." Doc # 1, P 1. Plaintiff's prior counsel sent defendant two cease-and-desist letters in early 2004, Doc # 22, Ex G-H, but plaintiff received no reply from defendant, Doc # 22, PP 15-16. On September 17, 2006, defendant allegedly contacted plaintiff and demanded $ 20,000.00 in exchange for transfer of defendant's domain name. Doc # 1, P 24.

Plaintiff asserts that defendant infringes his trademark rights by selling identical clothing via the domain name *www.fuzzvduds.com*. Doc # 1. Although served with summons and complaint on November 11, 2005, see Doc # 13, defendant never filed an answer [*3] or responsive pleading. Upon plaintiff's motion, the clerk entered default on December 28, 2006, in accordance with *FRCP 55(a)*. Doc # 16.

Subsequently, plaintiff moved for default judgment on February 8, 2007, requesting that defendant pay $ 50,000.00 in statutory damages pursuant to the Lanham Act, *15 USC § 1114*, and that defendant transfer ownership of the domain name *www.fuzzyduds.com* pursuant to the Federal Anti-cybersquatting Privacy Act, *15 USC § 1125(d)*. Doc # 18. Plaintiff also seeks to recover attorney fees and costs. Id.

I

A

The court first addresses plaintiff's motion for default judgment. "Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *Televideo Systems, Inc v Heidenthal, 826 F.2d 915, 917 (9th Cir 1987)* (citing *Roadway Express, Inc v*

*Piper, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980); Link v Wabash RR, 370 U.S. 626, 632, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); United States v Moss-American, Inc, 78 F.R.D. 214, 216 (ED Wis 1978)).*

"The general rule of law is that upon default the factual allegations [*4] of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Systems, 826 F.2d at 917-18* (quoting *Geddes v United Financial Group, 559 F.2d 557, 560 (9th Cir 1977)).* "Upon entry of default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal." *Danning v Lavine, 572 F.2d 1386, 1388 (9th Cir 1978)*(citations omitted). Following default judgment, a defendant is deemed to have admitted the well-pleaded allegations in the complaint. *Benny v Pipes, 799 F.2d 489, 495 (9th Cir 1986),* amended, *807 F.2d 1514 (9th Cir 1987)* (citing *Thomson v Wooster, 114 U.S. 104, 114, 5 S. Ct. 788, 29 L. Ed. 105, 1885 Dec. Comm'r Pat. 279 (1884); In re Visioneering Construction, 661 F.2d 119, 124 (9th Cir 1981)).*

Defendant responded to neither plaintiff's complaint, the clerk's entry of default nor plaintiff's motion for default judgment. By refusing to defend this suit, defendant leaves no other remedy to plaintiff than default judgment. Plaintiff's motion for default judgment is therefore GRANTED and the court takes the well-pleaded allegations [*5] in plaintiff's complaint as true and binding upon defendant. *Danning, 572 F2d at 1388; Geddes, 559 F2d at 560.*

B

Liability for infringement of a registered trademark is created by § 32 of the Lanham Act, which forbids a person from using a mark in commerce that is confusingly similar to a registered trademark. *15 USC § 1114(1)(a).* Plaintiff alleges that defendant knowingly sells and distributes infringing clothing and uses the Cowboy's Fuzzy Duds mark to advertise these goods in a manner that is likely to cause consumer confusion. Doc # 1, PP 25-30. Accordingly, the factual allegations of plaintiff's complaint, admitted by defendant through default, establish that defendant violated the plaintiff's rights under *§ 1114(1)(a)* of the Lanham Act.

To remedy trademark infringement under *§ 1114,* the Lanham Act authorizes a plaintiff to recover defendant's profits; this award may be trebled if the defendant's conduct qualifies as willful. *15 USC § 1117(a)-(b).* Alternatively, *§ 1117(c)* permits a plaintiff to elect statutory damages in cases involving the use of counterfeit marks in connection with the sale [*6] of goods. *15 USC § 1117(c).*

Plaintiff elects to recover statutory damages but misapprehends the statutory prerequisites. The Lanham Act does not provide statutory damages to all victims of infringement, only those whose goods have been counterfeited. To be eligible for the special civil monetary remedies against counterfeiting, the defendant's non-genuine mark must be "identical with or substantially indistinguishable from" the plaintiff's registered mark. *15 USC § 1116(d)(1)(B).* The Lanham Act distinguishes between counterfeiting and mere "colorable imitation," which occurs when a mark so resembles a registered mark "as to be likely to cause confusion or mistake or to deceive." *15 USC § 1127.* Apart from omitting the word "Cowboy's," defendant's mark also uses block font, as opposed to plaintiff's jagged font. See Doc # 22, Ex A & E. Hence, although defendant's mark amounts to "colorable imitation," as plaintiff alleges, it is not a counterfeit of plaintiff's mark. Accordingly, the court DENIES plaintiff's request for statutory damages.

C

Plaintiff also claims that defendant's website, *www.fuzzyduds.com,* [*7] violates the Anti-cybersquatting Consumer Protection Act (ACPA), *15 USC § 1125(d),* which aims to prevent the use of domain names that are confusingly similar to registered trademarks. See *Sporty's Farm v Sportsman's Market, 202 F3d 489 (2d Cir 2000).* Section 1125(d) provides that "[a] person shall be liable in a civil action by the owner of a mark * * * if * * * that person has a bad faith intent to profit from that mark [and] * * * registers, traffics in, or uses a domain name that * * * in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark." *15 USC 1125(d)(1)(A)(ii)(I).*

The court agrees with plaintiff that the term "Fuzzy Duds," as used in connection with plaintiff's clothing line, is inherently distinctive -- a finding that accords with the Lanham Act's statutory presumption for registered marks. See *15 USC § 1115(a).* The well-pleaded allegations in plaintiff's complaint that defendant has admitted by default satisfy the remaining requirements under the ACPA. Namely, defendant registered and used the name [*8] *www.fuzzyduds.com* in bad faith with the intent to trade upon the goodwill of plaintiff's mark and in a manner that is likely to cause consumer confusion. Doc # 1, PP 34-41. Accordingly, the factual allegations of plaintiff's complaint establish that defendant violated the plaintiff's rights under *§ 1125 of the ACPA.*

Upon a finding of liability, the ACPA provides that "a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." See *15 USC § 1125(d)(1)(C).* Pursu-

ant to the ACPA, the court finds that plaintiff is entitled to the transfer of defendant's domain name.

### D

Finally, the court takes up plaintiff's request for attorney fees. *Section 1117(a)* gives the court discretion to award reasonable attorney fees in "exceptional cases." *15 USC § 1117(a)*. The term "exceptional" is generally accepted to mean cases in which trademark infringement is "deliberate and willful." See *Lindy Pen Co v Bic Pen Corp, 982 F2d 1400, 1409 (9th Cir 1993)*. Yet a case may also be deemed "exceptional" - and merit an award of attorney fees under the Lanham Act - when a defendant [*9] disregards the proceedings and does not appear. *Taylor Made Golf Co, Inc v Carsten Sports Ltd, 175 FRD 658, 663 (SD Cal 1997)*. The court finds this case exceptional due to the nature of defendant's infringement and his unwillingness to appear in this case.

Plaintiff's counsel Eric J Farber submits in his declaration that he worked 24.57 hours on this case, bills $ 350 per hour for intellectual property litigation, has over 13 years of trademark litigation experience and practices in San Francisco. Doc # 27 (Farber decl PP 4-6). Farber's paralegal, James Ball, spent 7.1 hours on this case at a billing rate of $ 85 per hour. Doc # 27.

The court first evaluates whether the number of hours expended by counsel are appropriate to the requirements of the particular case. Plaintiff's counsel gathered investigative information, prepared documents and pleadings and moved for default judgment. Doc # 27. Counsel expended a total of 24.57 hours accomplishing these tasks, which the court finds reasonable. Plaintiff's counsel's work product was at least of the quality of a reasonably skilled attorney, and the number of hours

expended are reasonable in light of the fairly simple [*10] -- but not utterly trivial -- nature of the papers that plaintiff needed to file.

The court further finds the claimed rates of $ 350/hour for Farber and $ 85/hour for Ball reasonable, as they comport with rates the court has found reasonable in similar circumstances. See, e g, *Chanel v Brandon Doan, 2007 US Dist LEXIS 22691 *17-*19 (ND Cal 2007)* (finding that a billing rate of 350/hour for counsel with ten years of experience was less than the amount provided under the Laffey matrix). Accordingly, the court awards attorney fees in the amount of $ 9,220.50.

Finally, plaintiff requests recovery of court costs in the amount of $ 765. The plaintiff's application for default judgment includes a breakdown of these costs, Doc # 27 P 23, which the court finds reasonable. Accordingly, the court awards plaintiff his costs in the amount of $ 765.

### II

For the foregoing reasons, the court GRANTS plaintiff's motion for default judgment and, pursuant to the ACPA, the court ORDERS defendant to transfer the domain name www.fuzzyduds.com to the plaintiff. Additionally, defendant is ORDERED to pay plaintiff his attorney fees and costs in the amount of $ 9985.50. The clerk [*11] is DIRECTED to enter judgment for plaintiff, close the file and terminate all motions.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QVC, Inc. | : | |
| | : | Civil Action No. 07-463 (JJF) |
| and | : | |
| | : | |
| ER Marks, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Joshua Barker, | : | |
| Jason Jersey, and | : | |
| Jersey-Barker Enterprises | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

### ORDER OF DEFAULT JUDGMENT AND INJUNCTION

WHEREAS, QVC, Inc. and E.R. Marks, Inc. (collectively "QVC"), filed suit against defendants Joshua Barker, Jason Jersey, and Jersey-Barker Enterprises (individually and collectively "Defendants"), on July 25, 2007 alleging, *inter alia*, that Defendants' individual and/or collective use of QVC's trademarks on and in connection with the domain names www.planetqvc.com, www.planetqvc.info, and www.planetqvc.net and the web sites associated therewith, constitute trademark infringement, trademark dilution, cybersquatting, and unfair competition;

WHEREAS, Plaintiffs' Complaint recited that Plaintiffs are the owners and/or authorized users of the federally registered QVC formative marks, along with the federally registered mark QUALITY VALUE CONVENIENCE;

WHEREAS, service of process was made upon Defendants by serving the Complaint, Summons, and Civil Information Sheet on August 9, 2007 pursuant to 10 Del. C. § 3104;

WHEREAS, Defendants have failed to Answer the Complaint, or otherwise file a responsive pleading, within the time limits provided by the Federal Rules of Civil Procedure;

WHEREAS, Defendants have not raised any issue as to their infancy, incompetency or military service;

WHEREAS, Plaintiffs' Complaint requested relief including damages and transfer or cancellation of the infringing domain names and/or websites, as well as other remedies;

WHEREAS, the Clerk of this Court entered a default against Defendants in this matter on November 19, 2007;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that Defendants, jointly and severally, their agents, servants, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently from:

A.    Using the term QVC or the wording "QUALITY VALUE CONVENIENCE," or any other mark, term, domain name or title confusingly similar to the term QVC or the wording "QUALITY VALUE CONVENIENCE," (collectively the "QVC Marks") in connection with marketing, sale, offering for sale, advertisement, or promotion of retail goods or services; and

IN ADDITION, it is also hereby ORDERED, ADJUDGED and DECREED that Defendants, jointly and severally, their agents, servants, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, within thirty (30) days of the injunction order:

B.     Identify all websites and/or domain names with which they are associated that incorporate or use any QVC Marks, or variation thereof, including such use in metatags;

C.     Transfer to QVC, Inc. all websites and/or domain names that incorporate or use any QVC Marks, or variations thereof, including but not limited to, www.planetqvc.com, www.planetqvc.info, and www.planetqvc.net;

D.     Remove the QVC Marks, and any variations thereof, from any metatags in any website and/or associated with any domain name owned or controlled by, or on behalf of, Defendants;

E.     File with the Court and serve upon QVC, within thirty (30) days after entry of the injunctive order, a report in writing and under oath setting forth in detail the manner and form by which they have complied with the provisions set forth in paragraphs A through D above.

This Court shall retain jurisdiction for the purpose of enforcing the provisions of this Default Judgment and Permanent Injunction.


Dated:                                        _____
                                                        Judge Joseph J. Farnan, Jr.

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this _6th_ day of _February_ , 2008, I

caused a true and correct copy of the foregoing Motion for Entry of Default Judgment, and

Declaration of Attorney James D. Heisman in Support of Motion For Entry of Default Judgment,

to be served upon the following individuals in the manner indicated below:

**Via Certified Mail**
Jersey-Barker Enterprises
1908 SE Hillmoor Drive
Suite 34
Port St. Lucie, FL 34952

**Via Certified Mail and email at Jason-jersey@excite.com**
Jason Jersey
1908 SE Hillmoor Drive
Suite 34
Port St. Lucie, FL 34952

**Via Certified Mail**
Joshua Barker
1908 SE Hillmoor Drive
Suite 34
Port St. Lucie, FL 34952

_____
James D. Heisman (#2746)

4