IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QVC, Inc. | : | |
| | : | Civil Action No. 07-463 (JJF) |
| and | : | |
| | : | |
| ER Marks, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Joshua Barker, | : | |
| Jason Jersey, and | : | |
| Jersey-Barker Enterprises | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER OF DEFAULT JUDGMENT AND INJUNCTION**

WHEREAS, QVC, Inc. and E.R. Marks, Inc. (collectively "QVC"), filed suit against defendants Joshua Barker, Jason Jersey, and Jersey-Barker Enterprises (individually and collectively "Defendants"), on July 25, 2007 alleging, *inter alia*, that Defendants' individual and/or collective use of QVC's trademarks on and in connection with the domain names www.planetqvc.com, www.planetqvc.info, and www.planetqvc.net and the web sites associated therewith, constitute trademark infringement, trademark dilution, cybersquatting, and unfair competition;

WHEREAS, Plaintiffs' Complaint recited that Plaintiffs are the owners and/or authorized users of the federally registered QVC formative marks, along with the federally registered mark QUALITY VALUE CONVENIENCE;

WHEREAS, service of process was made upon Defendants by serving the Complaint, Summons, and Civil Information Sheet on August 9, 2007 pursuant to 10 Del. C. § 3104;

WHEREAS, Defendants have failed to Answer the Complaint, or otherwise file a responsive pleading, within the time limits provided by the Federal Rules of Civil Procedure;

WHEREAS, Defendants have not raised any issue as to their infancy, incompetency or military service;

WHEREAS, Plaintiffs' Complaint requested relief including damages and transfer or cancellation of the infringing domain names and/or websites, as well as other remedies;

WHEREAS, the Clerk of this Court entered a default against Defendants in this matter on November 19, 2007;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that Defendants, jointly and severally, their agents, servants, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently from:

A. Using the term QVC or the wording "QUALITY VALUE CONVENIENCE," or any other mark, term, domain name or title confusingly similar to the term QVC or the wording "QUALITY VALUE CONVENIENCE," (collectively the "QVC Marks") in connection with marketing, sale, offering for sale, advertisement, or promotion of retail goods or services; and

IN ADDITION, it is also hereby ORDERED, ADJUDGED and DECREED that Defendants, jointly and severally, their agents, servants, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, within thirty (30) days of the injunction order:

B. Identify all websites and/or domain names with which they are associated that incorporate or use any QVC Marks, or variation thereof, including such use in metatags;

C. Transfer to QVC, Inc. all websites and/or domain names that incorporate or use any QVC Marks, or variations thereof, including but not limited to, www.planetqvc.com, www.planetqvc.info, and www.planetqvc.net;

D. Remove the QVC Marks, and any variations thereof, from any metatags in any website and/or associated with any domain name owned or controlled by, or on behalf of, Defendants;

E. File with the Court and serve upon QVC, within thirty (30) days after entry of the injunctive order, a report in writing and under oath setting forth in detail the manner and form by which they have complied with the provisions set forth in paragraphs A through D above.

This Court shall retain jurisdiction for the purpose of enforcing the provisions of this Default Judgment and Permanent Injunction.

Dated: April 29, 2008

_____
Judge Joseph J. Farnan, Jr.